**1:20-cv-00865-ER**
**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                                          :
In re                                                     :
                                                          :    19-B-12346 (SHL)
LIDDLE & ROBINSON, L.L.P.,                                :
                                                          :    1:20-cv-00865-ER
                                   Debtor.                :
---------------------------------------------------------------X

**DEBTOR-APPELLEE LIDDLE & ROBINSON, L.L.P.'S MOTION TO STRIKE
APPELLANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDER OF
BANKRUPTCY COURT, PURUSANT TO 28 U.S.C. §1292(b) AND 28 U.S.C. § 158**

Pursuant to Federal Rules of Bankruptcy Procedure 8004(b)(2) and 8013(a)(3)(B), Debtor-Appellee Liddle & Robinson, L.L.P ("Debtor-Appellee" or "L&R"), hereby moves to strike Appellant's Reply Memorandum of Law in Support of Motion for Leave to Appeal Interlocutory Order of Bankruptcy Court, Pursuant to 28 U.S.C. §1292(b) and 28 U.S.C. § 158 (ECF No. 15) (the "Reply"), or, in the alternative, for leave to file a sur-reply in opposition to the Motion by Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC for Permission to Appeal to District Court from Interlocutory Order Granting Fee Award Pursuant to 28 U.S.C. § 1292(b) and 28 U.S.C. § 158 (ECF No. 3) (the "Motion for Leave").  In support thereof, Debtor-Appellee, by and through counsel, states as follows:

1.      Appellants Counsel Financial II, LLC, LIG Capital, LLC, and Counsel Financial Holdings, LLC (collectively "Appellants" or "Counsel Financial") filed the Motion for Leave on January 31, 2020.

2.      Subsequently, on February 7, 2020 a stipulation (the "First Stipulation") was entered into between Appellants, Debtor-Appellee, and Jonathan L. Flaxer, as Chapter 11 Trustee

(the "<u>Trustee</u>") in L&R's Chapter 11 case below, Case No. 19-12346 in the United States Bankruptcy Court for the Southern District of New York.  The First Stipulation provided that the deadline for Debtor-Appellee to file an opposition to the Motion for Leave was extended to April 1, 2020.  (ECF No. 4 at 2.)  The First Stipulation was "so-ordered" by this Court on February 7, 2020.  (ECF No. 5.)

3.      Appellants, Debtor-Appellee, and the Trustee entered into two subsequent stipulations (the "<u>Second Stipulation</u>" and the "<u>Third Stipulation</u>") extending Debtor-Appellee's deadline to file an opposition, first to May 29, 2020, and then to June 12, 2020.  (ECF No. 6 at 3, ECF No. 8 at 3.)  Both the Second Stipulation and the Third Stipulation were "so-ordered" by the Court.  (ECF Nos. 7, 9)

4.      Debtor-Appellee timely filed its opposition (the "<u>Opposition</u>") to the Motion for Leave on June 11, 2020.  (ECF No. 12.)

5.      Appellants filed the Reply on June 22, 2020.  (ECF No. 15.)

6.      This Court should strike the Reply.  Federal Rule of Bankruptcy Procedure 8004, governing motions for leave to appeal interlocutory orders, does not permit the filing of a reply brief.  *See* Fed. R. Bankr. P. 8004(b)(2) (providing only that "[a] party may file . . . a response in opposition or a cross-motion within 14 days after the motion is served"); *see also California v. Davis (In re Venoco, LLC)*, No. 19-463-CFC, 2019 U.S. Dist. LEXIS 81539, at *5 n.3 (D. Del. May 15, 2019) (striking reply brief filed in support of motion for leave to appeal from an interlocutory order because Rule 8004(b)(2) "provid[es] a 14-day deadline for responses but remain[s] silent regarding any reply" and "[i]n absence of any rule permitting one, there is no right to reply").

7.      No provision for a reply is made in the three stipulations agreed to by Appellants, the Debtor-Appellee, and the Trustee, and so ordered by the Court.

8.      Not being entitled to file a reply under the applicable rule, and failing to obtain a court order in three stipulations providing for a reply, Appellants cannot claim an entitlement to serve a reply under Federal Rule of Bankruptcy Procedure 8013, which provides general rules for other motions in bankruptcy appeals.  The portion of Rule 8013 dealing with the general briefing schedule for motions does not apply to motions for leave to appeal from an interlocutory order, as Rule 8004 contains its own specific provisions.  *Compare, e.g.*, Fed. R. Bankr. P. 8004(b)(2) (allowing responses to motions for leave to appeal to be filed within 14 days), *with* Fed. R. Bankr. P. 8013(a)(3)(A) (requiring that responses to motions under Rule 8013 be filed within 7 days). But even if Rule 8013 applied and gave Counsel Financial a right to file a reply brief (which it does not), such a reply would have to be filed "within 7 days after service of the response."  Fed. R. Bankr. P. 8013(a)(3)(A).  The Reply was filed 11 days after service of the Opposition.

9.      Thus, the Reply was unauthorized under the applicable Rule, and untimely even under the wrong Rule.  It should be stricken.

10.     In the alternative, if the Court accepts the filing of the Reply, Debtor-Appellee requests leave to file a sur-reply, as the Reply is double the length of the Motion for Leave and contains many new arguments not raised in the Motion for Leave.[1]

---

[1] In their Reply, Appellants raise an argument that undersigned counsel has no authority to make filings in this matter on behalf of Debtor-Appellee.  This assertion is incorrect and, since the Reply should be stricken, should not be before the Court.  Nevertheless, so that the Court may feel confident that the instant motion to strike is properly before the Court, Debtor-Appellee will simply note that Appellants signed onto three stipulations with Debtor-Appellee as represented by undersigned counsel, without objection, as did the Trustee.  And while Appellants point to the Trustee's joinder (ECF No. 14) as evidence that undersigned counsel is without authority to represent Debtor-Appellee, the Trustee was a party to all three stipulations and has made no such objection.  The issues in this proposed interlocutory appeal pertain to fees paid to undersigned counsel with respect to its representation of Debtor-Appellee during Debtor-Appellee's chapter 11 case and undersigned counsel has standing to oppose the Motion for Leave.

WHERFORE, Debtor-Appellee Liddle & Robinson, L.L.P. respectfully requests that this Court strike Appellants' Reply Memorandum of Law in Support of Motion for Leave to Appeal Interlocutory Order of Bankruptcy Court, Pursuant to 28 U.S.C. §1292(b) and 28 U.S.C. § 158 (ECF No. 15), or, in the alternative, allow Debtor-Appellee leave to file a sur-reply.

Dated:  June 23, 2020
New York, New York

Respectfully submitted,
*/s/ William F. Gray, Jr.*

FOLEY HOAG LLP
William F. Gray, Jr.
Alison D. Bauer
1301 Avenue of the Americas
New York, New York 10019
Tel:    646.927.5500
Fax:    646.927.5599
wgray@foleyhoag.com
abauer@foleyhoag.com

*Attorneys for Debtor-Appellee Liddle &*
*Robinson, L.L.P.*

The motion to strike is DENIED.  Debtor-Appellee is granted leave to file a sur-reply of no more than 5 pages by July 8, 2020.

SO ORDERED.

Edgardo Ramos, U.S.D.J
Dated:  June 24, 2020
New York, New York